AO 245B   (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

FILED

## SOUTHERN DISTRICT OF CALIFORNIA

09 APR 28 PM 4:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| DONALD MANNING (3) | Case Number: 06CR1021-BTM |

JOSEPH MILCHEN
_____
Defendant's Attorney

**REGISTRATION NO.**   07361298

THE DEFENDANT:

X   pleaded guilty to count(s)   one and eleven of the indictment

☐   was found guilty on count(s)
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 8 USC 371 | Conspiracy | 1 |
| 18 USC 1343 | Wire Fraud | 11 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

x   The remaining counts are dismissed on the motion of the United States.

Assessment : $200.00 payable at a rate of $2.00 per month through the inmate financial responsibility program.

X   Fine ordered waived.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

April 15, 2009
_____
Date of Imposition of Sentence

_____
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

Entered Date:

AO 245B    (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page _____2_____ of ___9___

DEFENDANT:          DONALD MANNING (3)
CASE NUMBER:        06CR1021-BTM

## IMPRISONMENT

x       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
SIXTY (60) MONTHS as to count 1, THREE (3) MONTHS as to count 11 consecutive to count 1 for a total sentence of SIXTY-
THREE (63) MONTHS.

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

        The court  recommends to the Bureau of Prisons:

☐       The defendant is remanded to the custody of the United States Marshal.

☐       The defendant shall surrender to the United States Marshal for this district:

        ☐    at _____ ☐ a.m.  ☐ p.m.  on  _____ .

        ☐    as notified by the United States Marshal.

☐       The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐    by 12:00 noon on  or to this court by 2:00 p.m.

        ☐    as notified by the United States Marshal.

        ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

        Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

                                                _____
                                                UNITED STATES MARSHAL

                                        By  _____
                                                DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___9___

DEFENDANT:        DONALD MANNING (3)
CASE NUMBER:      06CR1021-BTM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to both counts concurrent.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.
The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, but not more than  1 time  per month, unless defendant is removed from the United States.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 3 — Continued 2 — Supervised Release

JUDGMENT PAGE: ____4____ TO ____9____

DEFENDANT:     DONALD MANNING (3)
CASE NUMBER:   06CR1021-BTM

## SPECIAL CONDITIONS OF SUPERVISION

__X__  Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

__X__  Not possess firearms, explosive devices, or other dangerous weapons.

__X__  Not possess any narcotic drug or controlled substance without a lawful medical prescription.

_____  If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state and local and not reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure.

_____  Participate in a program of drug and alcohol abuse treatment including testing and counseling, with at least 1 to 8 tests per month and 1 to 8 counseling sessions per month as directed by the probation officer.

__X__  Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

_____  Not enter the United States illegally.

__X__  Cooperate as directed in the collection of a DNA sample.

__X__  Make restitution to the persons listed on the attached restitution order in the amount of $4,553,418.64, joint and several with defendants Campbell and McCool, through the Clerk, U.S. District Court at the rate of $150.00 per month.

__x__  Be prohibited from opening checking accounts or incurring new credit charges over $500.00 or opening additional lines of credit without approval of the Probation Officer.

__x__  Not engage in the employment or profession involving investments or a fiduciary capacity.

_____  Participate in a program of mental health treatment as directed by the probation officer.  The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.  The defendant shall consent to the release of evaluations and treatment information to the probation officer and the Court by the mental health provider.

_____  Not associate with known drug traffickers or users.

__x__  Not enter Mexico without the written permission of the probation officer.

_____  Maintain full-time employment or education or a combination of both.

_____  If the defendant has complied with all conditions of Supervised Release for _____, Supervised Release may be terminated on application to the Court and good cause shown.

DEFENDANT:  DONALD MANNING (3)
CASE NUMBER: 06CR1021-BTM

## RESTITUTION

IT IS ORDERED that the defendant make restitution in the amount of $4,553,418.64, through the Clerk, U.S District Court, to the victims listed below payable forthwith or through the Inmate Financial Responsibility Program at a rate of $25.00 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $150.00 per month.  Distribution of restitution to the victims is to be on a pro rata basis. Restitution is joint and several with defendants Cameron Campbell and Joseph McCool.

| NAME OF PAYEE | AMOUNT |
|---|---|
| Aubry, Bruce | $20,000 |
| Barcyn Financial Inc. | $10,000 |
| Barker, Bill and Barker, Cynthia | $21,000 |
| Barr, James | $13,000 |
| Berg, Wayne and Berg, Suzanne | $103,300 |
| Bernstein, Arthur | $26,000 |
| Bond Tommy and Bond, Linda | $85,000 |
| Bowers, Katherine | $ 5,000 |
| Briscoe, Victor | $10,000 |
| Buck, Fred | $12,000 |
| Callaway, Franzetta | $10,000 |
| Calleros-Martinez, Elizabeth | $11,000 |
| Clarke, Howard | $60,000 |
| Clayfield, Peter and Clayfield, Nancy | $162,250 |
| **Consolidated Partners** | **$47,000** |
| **Curtis, Angelina** | **$10,000** |

JUDGMENT  PAGE 6 OF 9

DEFENDANT:  DONALD MANNING (3)
CASE NUMBER: 06CR1021-BTM

| NAME OF PAYEE | AMOUNT |
| --- | --- |
| **Darrington, Vivian Pride** | **$10,000** |
| **DeLigter, Harry** | **$50,000** |
| **Doughrity, Robert** | **$13,000** |
| Downing, Patrick | $374,000 |
| Erno, Tommy | $20,000 |
| Glory to God Ministries | $225,000 |
| Goguen, Violet | $34,600 |
| Grover, Craig | $25,000 |
| Guess, David and Guess, Sherry | $21,000 |
| Guess, Neil | $ 5,000 |
| Gunderson, Fern | $10,000 |
| Guyot, Caesar | $15,000 |
| Hall, Patsy | $65,000 |
| Hall, Carol | $25,000 |
| Hansen, Mary Ann | $39,000 |
| Harris, Kristina | $98,000 |
| Hawkins, Daryl | $55,000 |
| Hayenga, Judy | $63,000 |
| Hern, Bob | $36,500 |
| Hern, Paul | $49,100 |

DEFENDANT:  DONALD MANNING (3)
CASE NUMBER: 06CR1021-BTM

| NAME OF PAYEE | AMOUNT |
|---|---|
| Hofle, Sharon and Hofle, Kurt | $62,400 |
| Horton, Alvin | $100,000 |
| Howell, Kennedy | $10,000 |
| Kempler, Gregory | $ 8,000 |
| Kosser, Roland | $225,000 |
| Lamar Clarence and Lamar, Margaret | $20,000 |
| LeClaire, Allen and LeClaire, Shirley | $56,000 |
| Legesse, Betty | $ 8,080 |
| Lombard, Patrick | $18,000 |
| Manning, Della | $456.94 |
| Manning, Joseph and Manning Jane | $31,500 |
| Manning, Michael and Manning, Diane | $13,000 |
| Manning, Robert and Manning, Gail | $60,000 |
| McFarland, Stephen | $100,000 |
| Millender, Milbert | $10,000 |
| Miller, John and Miller, Sylvia | $140,307.14 |
| Miller, Mary and Miller, Andrew | $30,000 |

JUDGMENT  PAGE 8 OF 9

DEFENDANT:  DONALD MANNING (3)
CASE NUMBER: 06CR1021-BTM

| NAME OF PAYEE | AMOUNT |
|---|---|
| Miller, Michael and Miller, Christine | $418,895.66 |
| Mims, Jerry | $40,000 |
| Morton, Vance and Morton, Linda | $75,000 |
| Negrete, Edward | $10,000 |
| Negrete, Philip | $10,000 |
| Norwood, Larry | $166,400 |
| Oberman, Seymour | $25,600 |
| Ortler, Gordon and Ortler, Mary | $17,000 |
| Peterson, Jim and Peterson, Shirley | $272,745.55 |
| Quintana, Barbara | $59,200 |
| Rachel, Carpice | $14,200 |
| Reher, Ron and Reher, Sharon | $292,838.99 |
| Ricketts, Robert and Ricketts, Jean | $25,000 |
| Schevers, Gerard and Schevers, Lynn | $146,344.36 |
| Schmidt, Peg | $60,000 |
| Schmidt, Royle | $10,000 |
| Seip, Tom | $25,000 |
| Sinclair, Stephanie | $19,700 |

JUDGMENT  PAGE 9 OF 9

DEFENDANT:  DONALD MANNING (3)
CASE NUMBER: 06CR1021-BTM

| NAME OF PAYEE | AMOUNT |
|---|---|
| Snead, Jon | $10,000 |
| Stallings, Linda J. | $50,000 |
| Taylor, Randy | $10,000 |
| Thompson, Missy | $21,000 |
| Wright, Steve | $10,000 |
| Wroten, Cheryl | $30,000 |

TOTAL RESTITUTION $4,553,418.64